## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| APRYL BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01512-JAR |
| | ) | |
| HAZELWOOD SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Apryl Barnes, a self-represented litigant, sues the Hazelwood School District for terminating her in May 2024. She filed an application for leave to proceed *in forma pauperis* (ECF No. 2) and a motion seeking the appointment of counsel (ECF No. 3). Having reviewed the application and supporting financial information, the Court finds that Barnes is unable to pay the filing fee. The Court will therefore grant Barnes leave to proceed *in forma pauperis*. Additionally, for the reasons explained below, the Court finds the Complaint fails to state a claim upon which relief may be granted and will dismiss this case and deny as moot Barnes's motion for appointment of counsel.

### I.    Background

Barnes prepared the Complaint using the Court's Civil Complaint form. In the section of the form provided to list the statutes at issue, Barnes cites 42 U.S.C. §§ 1981, 1983; Title VII of the Civil Rights Act of 1964; and 28 U.S.C. §§ 1331, 1343, 1367. She identifies herself and the Defendant as Missouri citizens.

Barnes begins by writing: "On May 24, 2024 I was recommended for termination from my bus driver position," and "submitted a written request for an opportunity to speak with the

District to discuss the circumstances leading to my termination." (ECF No. 1 at 5). She states

that the termination letter she received alleged that she "put a child in harm's way by calling a

parent and informing her that her child was on a field trip." *Id.* Barnes then provides the

following description of the events giving rise to her claims.

> I had no prior knowledge of this trip or the grade level of the students because it was an emergency trip. I was unaware that I knew any student who would be attending the field trip. Upon arriving at the destination, I noticed a student whom I had not seen in the past year or two. I then asked the teacher if I could speak with her, to which she replied yes. I asked the teacher to confirm the student's name which she confirmed. I then asked if I could speak with the student, and the teacher brought her to me. I spoke with the student in the presence of her teacher. I then hugged the student, who also happened to be my daughter's niece (her father's son) and asked why she hadn't spoken to her aunt (my daughter) and if she wanted to. The call, however, never took place.
>
> I am being blamed for someone else's mistake. I worked for the Hazelwood School District for 7 1/2 years, starting as a bus aide. I would never put a child in harm's way. In addition to my tenure with the district, I have had a daughter graduate from this district and another who currently attends. I have a great relationship with my students. While not all days are perfect, I loved what I do.
>
> The student's father is my daughter's brother. He informed me that the mother was at the Magic House before we arrived because he received a call at 10:30 AM from the Kirkwood Police Department. My colleague and I did not arrive at the Magic House until 9:55 AM, and the call that I made to my daughter was not made until 10:01 AM. In reviewing the timeline of events, the time that I arrived and spoke with the student and the time her father was called by the police do not add up. I was not involved in this situation and was unaware that we were not allowed to communicate with students while on the clock. I also did not know there was an ongoing custody issue until I was questioned about it. Given these circumstances, I requested a review of my case and that the District overturn my termination carefully and meticulously. I feel that my character was unfairly incriminated.

*Id.* at 5-6. Barnes states she was displaced from her home after she was terminated, and suffered

emotional distress, anxiety, and depression. She seeks monetary relief.

## II.    Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted." A complaint must plead more than "legal conclusions" and "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a self-represented litigant's complaint, the Court accepts well-pleaded facts as true and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts or construct a legal theory on a plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

## III.    Discussion

Barnes cites several federal statutes without attempting to link her factual allegations to any of them, but the Court will liberally construe the Complaint to determine whether it states a valid claim for relief. The Court begins with Title VII, which prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City*, 882 F.3d 757, 758 (8th Cir. 2018) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013)).

Having thoroughly reviewed and liberally construed the Complaint, the Court finds it fails to state a valid Title VII discrimination claim against the Defendant.  The Complaint contains no facts the Court could construe as alleging employment discrimination based on a protected characteristic, disparate treatment, that the incident involving the student was a pretext for discrimination based on a protected characteristic, or as alleging any other facts that the Court could construe within the framework of Title VII.  The Court cannot assume facts Barnes did not allege.  *See Stone*, 364 F.3d at 914-15.  The Court therefore finds that the Complaint fails to state a Title VII claim.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Wilson v. Arkansas Dept. of Human Services*, 850 F.3d 368, 371 (8th Cir. 2017) (affirming dismissal of a Title VII claim, for failure to state a claim, because the plaintiff failed to make "an allegation of disparate treatment").

Barnes also cites 42 U.S.C. § 1981, but her allegations do not state a plausible section 1981 claim because they cannot be construed as alleging purposeful and intentional discrimination on the basis of race.  *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (section 1981 can be violated only by intentional discrimination). Barnes also cites 42 U.S.C. § 1983, but her allegations do not state a plausible section 1983 claim because they cannot be construed as alleging the violation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (describing the elements of a section 1983 claim).  Finally, Barnes cites 28 U.S.C. § 1343 as a basis for this Court's jurisdiction.  In order to properly demonstrate jurisdiction under § 1343, a plaintiff is required to show a deprivation of a federal right.  *Finerson v. Value City Furniture*, 2014 WL 1316235, at *3 (E.D. Mo. Mar. 27, 2014).  Here, the Complaint contains no allegations that could

4

be construed as seeking recovery under any of the substantive statues to which section 1343 relates.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that Barnes's allegations do not state a plausible claim for relief under any authority she cites or under any other federal law. Barnes does not invoke this Court's diversity jurisdiction, and it is clear that such jurisdiction is absent based on the complaint. For all of the foregoing reasons, the Court will dismiss this case without prejudice. The Court declines to exercise supplemental jurisdiction over any state-law claims Barnes can be understood to bring. *See* 28 U.S.C. § 1367. The Court is "thoroughly convinced that there is no substantial question for review and that an appeal will be futile," *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952), and therefore certifies that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Finally, the Court will deny as moot Barnes's Motion seeking appointed counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Apryl Barnes's Application for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Apryl Barnes's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of May, 2026.

JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE

6